```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

NICHOLAS LICARI and ANGELA
LICARI,

    Plaintiffs,

v.                               Case No. 8:12-cv-2853-T-33EAJ

AMERICAN SECURITY INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiffs Nicholas and Angela Licari's Motion to Remand (Doc. # 7), filed on January 9, 2013. Defendant American Security Insurance Company filed a response in opposition to the motion on January 18, 2013. (Doc. # 8). Also, before the Court is American Security's Motion to Stay Action Pending Completion of Neutral Evaluation Process (Doc. # 4), filed on December 27, 2012. The Licaris did not file a response to the motion to stay, and the deadline for doing so has now passed. For the reasons that follow, the Court denies the Licaris' motion to remand and grants American Security's motion to stay.

**I.   Background**

Plaintiffs Nicholas and Angela Licari filed this declaratory judgment and breach of contract case against their

homeowners insurer, Defendant American Security Insurance Company, on July 19, 2012, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. (Doc. # 1). The Licaris did not serve American Security with the initial complaint and filed an amended complaint on December 3, 2012, which the Licaris served on American Security on December 11, 2012. (Doc. # 2) The amended complaint alleges that American Security refused to pay for all damages the Licaris' property suffered as a result of sinkhole activity. Id.

American Security filed a Notice of Removal in this Court on December 19, 2012, on the basis of the Court's diversity jurisdiction. (Doc. # 1). On December 27, 2012, American Security filed a motion to stay the case pending the completion of the neutral evaluation process provided for by the Licaris' insurance policy. (Doc. # 4). On January 9, 2013, the Licaris filed a motion to remand the case to state court. (Doc. # 7). These motions are now before the Court.

**II. Legal Standard**

A defendant may remove a case filed in state court to federal court if "the district courts of the United States have original jurisdiction." Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (citing 28 U.S.C. §

-2-

1441(a)). Original jurisdiction may be established if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Id. (citing 28 U.S.C. § 1332(a)(1)). In removal cases, the burden of proving any jurisdictional fact rests upon the defendant. Id.

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). A defendant's burden of proof is therefore a heavy one. Id.

### III. Analysis

#### A. Motion to Remand

The Licaris do not dispute that the minimum amount in controversy is satisfied in this case. Rather, the Licaris, who are Florida residents, argue that American Security has failed to demonstrate that complete diversity of citizenship exists between the parties, based on the Licaris' contention that American Security is a citizen of Florida rather than Georgia, as American Security contends. (Doc. # 7).

To obtain federal jurisdiction pursuant to 28 U.S.C. §

-3-

1332, a removing party must prove by a preponderance of the evidence that complete diversity exists between the plaintiff and the defendant. Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of (1) its state of incorporation and (2) the state where it has its principal place of business.

The Licaris do not contest that American Security is incorporated in a state other than Florida. Rather, the Licaris argue that American Security "maintains its principal place of business or 'nerve center' in Miami, Florida, and therefore diversity jurisdiction should be rejected and the case remanded." Id. at ¶ 8.

Although the Licaris reference the "nerve center" test in their motion, the Licaris argue that the Court should apply the Eleventh Circuit's former "total activities" test to determine American Security's principal place of business. Id. at 11. However, as American Security correctly argues, the "total activities" test, an approach which incorporated both the "place of activities" test and the "nerve center" test, was abrogated by the Supreme Court in 2010. Indeed, in Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010), the Supreme Court adopted the "nerve center" test, by itself, as the appropriate standard by which to determine a corporation's principal place of business for evaluating diversity

jurisdiction.

As articulated in Hertz, the "nerve center" of a corporation refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Id. at 1192. The nerve center is "normally . . . the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, . . . and not simply an office where the corporation holds its board meetings." Id.

American Security has supplied the affidavit of its corporate secretary, Jeannie Aragon-Cruz, in declaration of its assertion that Atlanta, Georgia is its principal place of business. (Aragon-Cruz Decl. Doc. # 8-1). In her affidavit, Ms. Aragon-Cruz states that American Security's corporate headquarters is located in Atlanta, Georgia, and that six of the company's seven directors, including the chairman, are located at and work out of the company's Georgia headquarters.[1] Id. at 1. Ms. Aragon-Cruz affirms that "[t]he meetings of American Security's board of directors are primarily conducted in the . . . Corporate Headquarters in

---

1   The seventh director, Ms. Aragon-Cruz attests, operates out of the company's California office. (Doc. # 8-1 at 1-2).

-5-

Georgia." Id. at 2. Ms. Aragon-Cruz's affidavit lists ten "high ranking corporate officers," including the company's president, seven senior vice presidents, the treasurer/vice president, and one vice president, who maintain their offices at the company's Georgia headquarters. Id. at 2. In contrast, Ms. Aragon-Cruz states that the company's Miami office houses the company's general counsel, secretary, chief actuary, and three senior vice presidents. Id.

In support of their assertion that American Security's Miami office, rather than its Georgia headquarters, is the company's principal place of business, the Licaris have filed a "Company Report" from Dun & Bradstreet[2] which purportedly lists American Security's officers. (Doc. # 7-3). The report lists the company's Miami office as the location of eight of those officers and the company's Georgia office as the location of four of the officers. Id. Further, the Licaris also point out that while the Florida Department of State, Division of Corporations' website, sunbiz.org, lists American Security's principal address in Atlanta, Georgia, it includes

---

2   According to its website, Dun & Bradstreet is "the world's leading source of commercial information and insight on businesses" whose "database provides [its] customers with unparalleled quality business information." www.dnb.com/company.html (last visited Jan. 24, 2013).

-6-

the Miami address as the company's mailing address. (Doc. # 7 at ¶ 13).

The Licaris also provide deposition testimony of an American Security corporate representative given in an unrelated case, in which the corporate representative provided American Security's Miami address as her corporate address. Id. at ¶ 14. Next, the Licaris note that the American Security claim adjuster assigned to their claim provided the company's Miami address on her correspondence with them and in deposition testimony in an unrelated case. Id. at ¶ 15-16. Finally, the Licaris have supplied two claim payment checks to them from American Security on which the company's Miami address is printed. (Doc. # 7-8).

The Court finds this evidence insufficient to rebut American Security's sworn evidence demonstrating that its Atlanta office is the place where American Security's "officers direct, control, and coordinate the corporation's activities" such that it constitutes the company's "nerve center" and, thus, its principal place of business. Hertz, 130 S.Ct. at 1192. First, much of the evidence, including the report produced by Dun & Bradstreet and the deposition testimony from two unrelated cases, constitutes hearsay as it relates to this case. However, even if the Court considered

-7-

this evidence, Ms. Aragon-Cruz testifies in her declaration that she has reviewed the Dun & Bradstreet report and that "a majority of the individuals who are identified as 'officers' of American Security are neither directors nor officers of American Security." (Aragon-Cruz Decl. Doc. # 8-1 at 2).

Additionally, the Court notes that in the deposition testimony of the claims adjuster quoted by the Licaris in their motion, the claims adjuster actually disagrees with the questioner's statement that they are currently at American Security's headquarters in Miami, responding, "Well, I think Atlantic's (sic) headquarters." (Doc. # 7-6 at 3). Similarly, the Florida Department of State, Division of Corporations' website lists American Security's principal address as Atlanta, Georgia, with the company's Miami address listed only as a mailing address. The Court finds that this fact likewise cuts against the Licaris' argument. Finally, the Court finds the Licaris' remaining proffered evidence -- including claim payment checks and adjuster correspondence bearing the company's Miami address -- insufficient to raise any doubt that American Security's corporate headquarters, i.e., its "nerve center," is in fact located in Atlanta.

Accordingly, the Court finds that American Security has proven by a preponderance of the evidence that its "actual

center of direction, control, and coordination" is Atlanta, Georgia, and, therefore, complete diversity of citizenship exists among the parties in this case. Thus, the Licaris' motion to remand is denied.

    **B.**   **Motion to Stay**

On December 27, 2012, American Security filed a motion to stay this action pending completion of the neutral evaluation process provided for in the Licaris' insurance policy. (Doc. # 4). To date, the Licaris have not filed a response to the motion and the deadline for doing so has passed. Thus, the Court considers the motion to be unopposed and finds that it is due to be granted.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs Nicholas and Angela Licari's Motion to Remand (Doc. # 7) is **DENIED.**

(2) American Security's Motion to Stay Action Pending Completion of Neutral Evaluation Process (Doc. # 4) is **GRANTED** as unopposed.

(3) This case is **STAYED** and **ADMINISTRATIVELY CLOSED** pending the resolution of the neutral evaluation process. The parties are directed to file a joint status report within 90 days of the date of this Order to inform the Court of

the status of the neutral evaluation process. Thereafter, the parties shall continue to file joint status reports with the Court every 90 days until the neutral evaluation process is completed.  Once the neutral evaluation process is completed, either party may move to lift the stay and re-open the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of January, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record